UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

DAMON NELSON, )
)
        Petitioner, )
)
vs. ) No. 1:17-cv-00375-TWP-MPB
)
DUSHAN ZATECKY, )
)
        Respondent. )

**Entry Denying Petition for Writ of Habeas Corpus and Directing Entry of Final Judgment**

The petition of Damon Nelson for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. ISR 16-09-0098. For the reasons explained in this Entry, Mr. Nelson's habeas petition must be **denied**.

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

On September 26, 2016, Investigator Poer wrote a Conduct Report charging Mr. Nelson with assault on staff in violation of Code A-117. The Conduct Report states:

> On 9/21/16 at 5:51 PM Officer N. Coffey responded to an emergency on the 2/4 Range of B Unit. On camera Officer N. Coffey can be seen attempting to assist Sgt. Gaunt restrain an offender at the 2/4 range entry steps. At 5:52 PM Ofc. N. Coffey is bent over looking at the offender on the floor when offender Nelson, Damon 937004 5B-2B steps across the day room and punches Officer N. Coffey in the left side of his face with his right fist. Ofc. N. Coffey goes back into the control area to get away from the assault from offender Nelson. Offender Nelson follows Officer N. Coffey into the control area continuously throwing punches at Officer N. Coffey's face and head. Offender Nelson knocks Officer N. Coffey to the ground and continues to stand over him and punch him repeatedly.

Filing No. 12-1 at 1.

Mr. Nelson was notified of the charge when he received the Screening Report. He plead not guilty to the charge, requested as a witness the offender that was being restrained, and requested the video footage as evidence.

A hearing was held on October 13, 2016. Based on the staff reports, Mr. Nelson's statement, and the video review, the hearing officer found Mr. Nelson guilty of assault on staff. The hearing officer recommended and approved sanctions including a one-hundred-day earned-credit-time deprivation and a two-level credit-class demotion.

Mr. Nelson appealed to Facility Head and the IDOC Final Reviewing Authority, but both of his appeals were denied. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### C. Analysis

Mr. Nelson raises two issues in his habeas petition. The Court will address each in turn.

*1.  Sufficiency of the Evidence*

Mr. Nelson argues that the evidence was insufficient to find him guilty of assault on staff because there was no evidence that the assault caused serious bodily injury. But as the respondent correctly points out, a Code A-117 violation does not require serious bodily injury. The offense is defined as follows: "[c]ommitting battery/assault upon any staff person . . . which results in bodily injury or serious bodily injury." *See* Indiana Department of Correction Adult Disciplinary Process, available at http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf (last visited May 26, 2017). Thus assault on staff only requires that the assault caused "bodily injury" *or* "serious bodily injury."

The evidence here was sufficient to establish that Mr. Nelson assaulted a correctional officer and that the assault caused some bodily injury. Specifically, the Conduct Report and the video of the incident, which the Court reviewed *in camera*, together reveal that Mr. Nelson punched a correctional officer several times. The "some evidence" standard applied to challenges regarding the sufficiency of the evidence is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). Certainly, evidence that Mr. Nelson punched a correctional officer several times meets this low standard. In other words, it is certainly not "arbitrary or without support in the record," *McPherson*, 188 F.3d at 786, for the hearing officer to conclude that several punches to a correctional officer caused the officer some bodily injury. Because *serious* bodily injury was not required to violate Code A-117, the Conduct Report and video evidence was sufficient to find Mr. Nelson guilty of this offense.

For these reasons, Mr. Nelson is not entitled to habeas relief on this claim.

2. *Restitution*

Mr. Nelson contends that he should not have been ordered to pay restitution for the correctional officer's hospital bills. In his reply brief, however, he appears to withdraw this claim.

In any event, this claims lacks merit. A monetary sanction does not constitute "custody" under 28 U.S.C. § 2254, and thus it cannot be challenged in a habeas action. *See Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001); *cf. Barnickel v. United States*, 113 F.3d 704, 706 (7th Cir. 1997) ("It has been well established both in this Circuit and in others for some time that a fine-only conviction is not enough of a restraint on liberty to constitute 'custody' within the meaning of the habeas corpus statutes, 28 U.S.C. §§ 2254 and 2255.").

**D. Conclusion**

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Nelson to the relief he seeks. Accordingly, Mr. Nelson's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 5/30/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Electronic distribution to counsel of record via CM/ECF and by U.S. mail to:

DAMON NELSON
937004
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064